UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRED GREENE,

                          Plaintiff,

                                                                       DECISION AND ORDER

                                                                        07-CV-6249L

            v.

SERGEANT FURMAN
of Southport Correctional Facility, et al.,


                          Defendants.
_____


Plaintiff, Fred Greene, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in a number of ways during his confinement at Southport Correctional Facility in February 2007.

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

DISCUSSION

**I. Motions to Dismiss under Rule 12(b)(6)**

Rule 12(b)(6) motions are now analyzed under a slightly different standard than they were prior to the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Prior to *Twombly*, courts would generally deny a motion to dismiss if there was "any set of facts" consistent with the allegations of the complaint that would entitle the plaintiff to relief. *See*, *e.g.*, *Hill v. City of New York*, 45 F.3d 653, 657 (2d Cir. 1995); *Gilmore v. University of Rochester*, 410 F.Supp.2d 127, 131 (W.D.N.Y. 2006).

In *Twombly*, however, the Supreme Court declared that the "any set of facts" standard had "earned its retirement." 550 U.S. at 563. The Court explained that to defeat a motion to dismiss, "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted).

Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570. A "plausible" entitlement to relief exists, then, when the allegations in the complaint move the plaintiff's claims across the line separating the "conclusory" from the "factual," and the "factually neutral" from the "factually suggestive." *Id.* at 557 n. 5.

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing *Jacobs v.*

*Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215-16 (2d Cir. 2008)). At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (additional internal quotation marks omitted). With these standards in mind, I turn to the claims asserted in the complaint and to defendants' motion.

**II. Plaintiff's Claims**

Plaintiff alleges that on February 1, 2007, as he was being escorted to a mental health appointment by Correction Officer Knapp, "another inmate made remarks in which [plaintiff] allegedly retaliated [sic] by spiting [sic] at the other inmate." "Supplemented Complaint" (Dkt. #13) at 1. Plaintiff alleges that Knapp did not allow plaintiff to continue with his mental health appointment, but instead returned him to his cell and charged plaintiff with a disciplinary violation. From the documents attached to the amended complaint, it appears that plaintiff was found guilty of committing an unhygienic act. Dkt. #7 at 5.

Plaintiff has not set forth his claims in a particularly organized fashion, but it appears that he asserts claims under the Eighth Amendment for denial of mental health care, and because he was allegedly denied "exercise, showers, [and] haircuts." Dkt. #7 at 6. He also alleges that defendant

Sgt. Furman issued a false misbehavior report and falsely stated that at the time of the underlying incident, plaintiff was on his way to a Tier III hearing rather than to a mental health appointment.

None of these allegations state a cognizable constitutional claim. First, to the extent that plaintiff attempts to assert a due process claim based on the alleged false misbehavior report, the law is clear that "the issuance of false misbehavior reports against an inmate by corrections officers is insufficient on its own to establish a denial of due process." *Sital v. Burgio*, 592 F.Supp.2d 355, 357 (W.D.N.Y. 2009) (internal quotation marks omitted). Furthermore, plaintiff does not allege that any defendant issued a false report against him out of any retaliatory motive. *See id.* Finally, the misbehavior report itself, which is attached to the amended complaint, plainly states that the spitting incident occurred while plaintiff was going "to see mental health ... ." Dkt. #7 at 7.

Plaintiff also fails to state an Eighth Amendment claim. There is no allegation that any delay in plaintiff's mental health treatment occasioned by defendant's response to plaintiff's actions on February 1 caused any actual harm to plaintiff, or that it put his health at risk. *Rodriguez v. Ames*, 224 F.Supp.2d 555, 561 (W.D.N.Y. 2002). There are also no allegations even suggesting that defendants' actions were taken out of any sadistic or otherwise impermissible motive. Thus, even accepting the truth of plaintiff's factual allegations, he has not made out either the objective or subjective prongs of an Eighth Amendment claim. *See Johnston v. Maha*, 584 F.Supp.2d 612, 616-17 (W.D.N.Y. 2008) (discussing elements of an Eighth Amendment claim).

Finally, plaintiff's allegations that he was denied exercise, showers and haircuts do not suffice to state an Eighth Amendment claim based on his conditions of confinement. It is evident from the exhibits attached to the amended complaint that at the time of the incident, plaintiff was

confined in the Special Housing Unit ("SHU"). *See* Dkt. #7 at 14. There is no indication in the complaint that the deprivations alleged by plaintiff were in any way atypical, that they resulted in any physical injury, or that they amounted to cruel and unusual punishment in violation of the Eighth Amendment. *See Dolberry v. Levine*, 567 F.Supp.2d 413, 417-18 (W.D.N.Y. 2008); *Anderson v. Beaver*, 455 F.Supp.2d 228, 231 (W.D.N.Y. 2006).

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #15) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 21, 2009.